(31 Misc. Rep. 243.)

### CONWAY v. STEVENS.

(Supreme Court, Appellate Term.    April 16, 1900.)

WITNESSES—IMPEACHMENT—DOCUMENTARY EVIDENCE.

    In an action by an agent for commissions for the sale of a steam condenser and pump, defendant denied the sale, and on the trial offered in evidence a letter from the party to whom plaintiff claimed to have made a sale, in which the writer stated that plaintiff represented that the condenser and pump belonged to him, gave the price asked him, denied that he told plaintiff that he would buy at that price, and added: "I did buy two boilers from C. [plaintiff], but never got cheated so bad in my life. We have stopped dealing with him altogether, as he done us so bad." *Held*, that the letter was not contradictory of the writer's testimony that plaintiff told him that he had a condenser and pump for sale, but gave him no information that he was selling it for some one else, so as to be competent for purposes of impeachment, but that, conceding it such effect, the admission of the entire letter, including the statements derogatory to the character of plaintiff, was prejudicial error.

Appeal from city court of New York, general term.

Action by Benjamin F. Conway against C. Amory Stevens for commissions. From a judgment for defendant (58 N. Y. Supp. 1004), plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

John A. Dutton, for appellant.
Frank E. Hipple, for respondent.

GIEGERICH, J.   The action is to recover commissions upon the sale of a steam condenser and pump, called in the case a "condenser." The complaint alleges that the defendant employed the plaintiff to sell such condenser, and that the former agreed that the latter should receive as commissions for such services all that he could obtain over the sum of $600 therefor; that the plaintiff subsequently procured a customer who was ready, able, and willing to pay $850 for the said apparatus; and that the defendant sold the same to such customer.   The amended answer contains, in substance, a general denial, and allegations to the effect that, upon plaintiff's representation that the condenser was worth but $700, an option for five days was given him by the defendant to purchase the same for the sum of $600, of which, however, he did not avail himself, and that at the expiration of such period the defendant rescinded the option, of which, it is averred, the plaintiff had due notice.   The answer further alleges that the defendant afterwards sold such condenser for the sum of $750.   Upon the trial there was a direct conflict of testimony upon nearly every point at issue, and, were there no questions of law raised by exceptions taken, this appellate term could not disturb the judgment.   The plaintiff claims, however, that the trial justice committed reversible error in admitting in evidence, against his objection and exception, the following letter:

"Baltimore, Md., February 27th, 1897.

"Mr. C. Amory Stevens, New York, 39 Broad Street—Dear Sir: Yours of the 19th at hand, and in reply will say Mr. Conway represented to me that the condenser and pump belonged to him.   He said nothing about you or what he

paid you for the condenser and pump. He did not say a word about you in the matter at all. He asked me $850, but I never told him I would buy it at any price. I had another condenser in view. Briggs had it. He got it from Chester, Pa. I did buy two boilers from Conway, but never got cheated so bad in my life. We have stopped dealing with him altogether, as he done us so bad.

"Yours, truly,                                        Fred E. Jones."

It appears from the testimony that Jones, the writer of the foregoing letter, was the agent and representative of the firm of R. Moore & Co., of Mobile, Ala., to whom the condenser was offered for sale by the plaintiff, and to whom it was subsequently sold by the defendant, and that the plaintiff and Jones had been to League Island, in the city of Philadelphia, where the condenser was, and the latter had examined it with a view to its purchase. In his deposition, taken at the instance of the plaintiff, and read by the defendant at the trial, Jones testifies that, at the time the plaintiff was trying to sell the condenser to him, "Mr. Conway said he had a condenser and pump for sale. * * * He gave me no information that he was selling it for some one else." Subsequently the witness identified the letter referred to as having been written by him to the defendant, and it was then admitted in evidence, as above noted. For what purpose this letter was offered, does not appear upon the record. The defendant's counsel in his brief claims that it contains a contradiction of the testimony previously given by Jones, as above stated, and that such was the purpose for which it was offered. It is difficult to see in what respect it contradicts the witness' previous statements. Assuming, however, for the sake of argument, that a portion of the letter did establish a contradiction, there was no justification whatever for putting before the jury the concluding portion thereof. It was a mere statement, without proof, that the plaintiff had been guilty of dishonest practices. Had only that portion of the letter which it is claimed contradicts the witness' previous testimony been admitted, the error might, under the circumstances, be deemed harmless; but since the entire letter, containing, as it did, immaterial and irrelevant statements, was read to the jury, without any statement whatever as to the purpose for which it was offered, it is impossible for us to say that the contents of the paper did not seriously affect the credibility of the plaintiff in their minds, and that it was not an important factor in influencing them to the conclusion which they reached. Hence the admission of such evidence was improper. Moreover, it clearly appears that the witness Jones was hostile to the plaintiff, at whose instance he was called, and to permit him to accentuate his conceded animosity against the plaintiff by reading the letter in question was manifestly erroneous, as well as prejudicial. The case of People v. Flechter, 44 App. Div. 199, 60 N. Y. Supp. 777, is not, as might be claimed upon a hasty reading, in conflict with these views. There a witness' letter to his lawyer (the question of privilege not arising), the concluding paragraph of which was to the effect that he (the witness) had covered the defendant's shortcomings in palming off a counterfeit violin, was admitted in evidence under the defendant's objection and exception. Upon an appeal to the appellate division of this department it was

urged that the reading of such paragraph was prejudicial to the defendant, but the ruling of the recorder in admitting the same in evidence was upheld by a bare majority of the court. Mr. Justice Patterson, who wrote the prevailing opinion, said (page 212, 44 App. Div., and page 788, 60 N. Y. Supp.) that it was "a statement of the witness as to his own conduct and actions, stamping them with dishonesty, and directly impairing his credit." In the case at bar, however, the situation is entirely different. As seen, Jones merely complained that he had been defrauded by another (i. e. the plaintiff), while in the Flechter Case the witness admitted his own dishonesty in the transaction.

There were other grounds of error assigned, but, in view of the conclusion above reached, it will not be necessary to consider them.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.